IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA A. FISHER,<br>Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br>Defendant. | CIVIL ACTION NO. 05-2255 |

**M E M O R A N D U M**

Katz, S.J.                                                                                                               October 12, 2005

On December 23, 2003, Plaintiff Sandra Fisher filed an application for disability insurance benefits under Title II of the Social Security Act (the "Act").  The application was denied on February 2, 2004 and Plaintiff timely filed a request for a hearing.  Following a hearing held on September 17, 2004, an Administrative Law Judge ("ALJ") held in an October 29, 2004 decision that Plaintiff was not entitled to federal disability benefits.  On March 14, 2005, the Appeals Council denied Plaintiff's timely request for review, thereby affirming as final the ALJ's decision. Now before the court are the parties' cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  This court has jurisdiction over this appeal pursuant to Title 42 United States Code Sections 405(g) and 1383(c).

At the time Plaintiff filed her application for disability benefits, she was 44 years old (therefore considered a younger individual) and a high school graduate with some college education.  She alleged disability as of August 1, 1990 due to multiple sclerosis ("MS").  Record at 15.

Plaintiff's date last insured (DLI) expired just over a year after her alleged disability onset date, on December 31, 1991. Id. Therefore, in addition to establishing that her impairment rendered her "disabled" within the meaning of the Act, Fisher bears the additional burden of establishing that her disability began on or before December 31, 1991.

To establish a disability under the Act, a claimant must show "a medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." Stunkard v. Sec'y of Health and Human Svcs., 841 F.2d 57, 59 (3d Cir. 1988). 42 U.S.C. § 423(d)(1). A claimant is considered unable to engage in any substantial activity "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). In the decision she issued after the second hearing, the ALJ found that Plaintiff's MS was "not consistently severe" on or before her DLI of December 31, 1991.[1] Record at 20. The ALJ found that Plaintiff was not only capable of performing sedentary exertional work in general, but of performing her own previous work as a sedentary accounts payable clerk. Id. at 19-20. As such, the ALJ held that Plaintiff was not disabled, as defined by the Act, on or prior to her DLI (December 31, 1991). Id. at 15.

As support for this finding, the ALJ relied on the fact that Plaintiff experienced a period of remission following an initial MS attacks in 1990 and 1991, leading her to rule that Plaintiff had no severe impairment as of her DLI. The ALJ stated that Plaintiff was "diagnosed with classic relapsing remitting MS" and that while she "had episodes of MS," she "also had periods of no symptoms." Id. at 16. The ALJ noted that a void of any reported visits or calls to

---

[1]This DLI results from Plaintiff leaving the work force in 1986.

Plaintiff's family doctor from August 21, 1990 to February 22, 1992, when Plaintiff was seen for a cold.  Id.  She also noted a void of neurological treatment by Plaintiff's treating physicians, Dr. Striar and Dr. Sacks, from July 1991 until September 1992.  Id. at 17.  Of particular importance to the ALJ was "the fact [] that claimant was in virtually no medical treatment from July 1991 until the Fall of 1992 with regard to her MS.  She was not prescribed any medications.  This period stands in stark contrast to those periods when, due to MS symptoms she experienced, claimant made multiple neurological visits, e.g., in late 1990 and again in the fall of 1992."  Id.

Even considering Plaintiff's subjective complaints of pain as mandated by 20 C.F.C. 404.1529, the ALJ found evidence of Plaintiff's remission too compelling to consider her disabled.  The ALJ determined Plaintiff to have been capable of sedentary exertional work as of her DLI due to this state of remission; the ALJ focused on Plaintiff's ability to "work 24/7 as a homemaker" from 1988 until the present day as an indication of such capability.  Record at 20.  Prior to leaving the work force, Plaintiff had performed sedentary exertional work as an accounts payable clerk, and thus the ALJ decided she was able to return to such a position.  Id.

A final decision of the Commissioner of Social Security will be upheld if it is supported by substantial evidence.  See 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate."  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (citation omitted).  However, the ALJ failed to consider evidence as to the recurring nature of MS in determining Plaintiff's impairment to be non-severe.  Although the Third Circuit has not addressed MS specifically, other circuits have focused on the singular nature of the disease in terms of cyclical impairment.  Both the Sixth and Ninth Circuits have "properly observed that multiple sclerosis can be disabling notwithstanding normal activity in periods of remission."  Estes v. R.R. Ret. Bd., 776 F.2d 1436, 1438-39 (9th Cir. 1985)(approving

the Sixth Circuit's logic in a similar case).  Although a patient may be in remission, she is not necessarily symptom-free.  See Dyda v. Comm'r of Soc. Sec. Admin., 2002 U.S. Dist. LEXIS 16930, *22 n.8 (E.D. Mich. 2002).  For instance, she may continue to suffer debilitating fatigue, as Plaintiff did, as part of her continuing disability.  Record at 78.

On a related note, the ALJ also did not give sufficient weight to Plaintiff's treating physicians' reports as to the severity of her condition or to Plaintiff's own subjective complaints of pain.  The Third Circuit has held that "[t]reating physicians' reports should be accorded great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time."  Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citation and punctuation omitted).  In fact, "absent persuasive contradictory evidence, the validity of the claimant's symptoms can be conclusively established by the opinion of the treating physician."  Smith v. Sullivan, 720 F.Supp. 62, 64 (E.D.Pa. 1989).  No "persuasive contradictory evidence" has been offered here; no outside medical expert testified as to Plaintiff's condition.[2]  The ALJ substituted her own lay understanding of Plaintiff's MS, an entirely improper substitution.  The Third Circuit has made clear that "an ALJ is not free to set his own expertise against that of physicians who present competent medical evidence."  Wallace v. Sec'y of HHS, 722 F.2d 1150, 1155 (3d Cir. 1983); Van Horn v. Schweiker, 717 F.2d 871, 874 (3d Cir. 1983); Fowler v. Califano, 596 F.2d 600, 603 (3d Cir. 1979).

---

[2]The court declines to reach Plaintiff's argument that the ALJ's decision should be overturned because she failed to obtain testimony from a medical expert in order to determine the onset date of Plaintiff's disability.  The record supports finding that Plaintiff did in fact suffer from a severe impairment as of her DLI for the reasons discussed above.  While it may be that the ALJ committed legal error by failing to obtain an outside medical expert, the point is moot for our purposes.  Even if such a medical expert were to have found Plaintiff's onset date did not occur until much later, the determination of Plaintiff's own treating physicians weighs heavily enough to sustain the court's acceptance of it.

The ALJ dismissed Plaintiff's fatigue as groundless, stating that her symptoms are "a matter of objective physical exam, not simply claimant's self-reporting in the face of a long lapse of any medical treatment whatsoever, as in the case of this record." Record at 18. However, Plaintiff's neurologists testified that Plaintiff did in fact suffer from such fatigue. Dr. Sacks commented that Plaintiff's MS was "long standing in nature" and involved "extreme fatiguability which [is an] intrinsic part[] of the disease state." Id. at 76-77. Dr Striar explained that

> throughout the course of her disease she would have standard M.S. related symptoms of fatiguability (excessive) and heat intolerance. The remission refers to the 'focal' specific symptoms related to her prior attack and before the subsequent attack (relapsing-remitting M.S). She expressed general fatigue as a symptom previously and this persisted prior to and subsequent to each of her exacerbations.

Id. at 125. This persistent fatigue as reported by Dr. Striar supports a finding that Plaintiff met the requirements of the Act's listing of impairments from August 1, 1990 to the present. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 11.09C. Dr. Striar's assessment indicates that Plaintiff has been unable to perform the basic work activities of sitting, standing and walking due to excessive fatigue for the past fifteen years, during both relapses and remissions of her illness, on a regular and continuing basis. A "regular and continuing basis" means eights hours a day, for 5 days a week, or an equivalent work schedule. Soc. Sec. Ruling 96-8p, 61 Fed. Reg. 34474, 34475 (July 2, 1996).

Finally, the ALJ found Plaintiff's own subjective complaints of pain not to be credible. In order for the ALJ to disprove Plaintiff's testimony regarding pain, she must have medical evidence. Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985); Smith v. Califano, 637 F.2d 968, 972 (3d Cir. 1981). Here it appears that the ALJ's evidence is the fact that Plaintiff left the labor force voluntarily in 1986 to care for her children. The ALJ returned repeatedly to this fact in her opinion, noting Plaintiff's testimony that "from 1986 on she was a homemaker because she

knew her purpose was to stay home and raise her children" and that Plaintiff "admitted that during her children's younger years...she did not place the children in day care programs." Record at 18.  She also pointed out that Plaintiff's DLI "came along as soon as it did because claimant opted out of competitive employment to be a full-time homemaker in 1986."  Id. at 19.

The ALJ's focus on Plaintiff's homemaker status is misplaced.  When Plaintiff left the workforce to care for her children in 1986, she had not yet suffered the onset of MS.  She has never alleged that her disability began at that point.  Plaintiff seeks disability benefits because she has been unable to return to gainful employment as she would have otherwise, were it not for her MS, now that her children are older.  Indeed, she and her mother testified that her MS-related fatigue was severe while she raised her children, and she required the assistance of both her mother and part-time nursery school for the children.  Id. at 168-77.  Plaintiff's credibility was corroborated by her mother and neurologists.

Upon review of the record and for the foregoing reasons, this court finds that the ALJ's decision is not supportable.  The court declines to delay the plaintiff's award of benefits by remanding the case to the Commissioner for a rehearing.  See 42 U.S.C. § 405(g).

**BY THE COURT:**

/s/ Marvin Katz

**MARVIN KATZ, S.J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA A. FISHER,<br>　　　Plaintiff,<br><br>　　　v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br>　　　Defendant. | CIVIL ACTION NO. 05-2255 |

**O R D E R**

**AND NOW**, this 12th day of October, 2005, upon consideration of the parties' cross-motions for summary judgment, it is hereby **ORDERED** that Plaintiff's motion is **GRANTED** and Defendant's motion is **DENIED**. The case is **REMANDED** to the Commissioner for a calculation of award and benefits.

BY THE COURT:


/s/ Marvin Katz

**MARVIN KATZ, S.J.**